# Commonwealth of Massachusetts

BERKSHIRE, ss.                                                          SUPERIOR COURT
                                                                        CIVIL ACTION
                                                                        No. 2004-052

............ CYNTHIA PALMA, Pro Se ........................., Plaintiff(s)

v.

...... General Electric Company aka GE Plastics ......, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon...CYNTHIA PALMA..................,
...PO BOX 8, PITTSFIELD, MA, 01202..........................................................
plaintiff's attorney, whose address is ......(413) 499-7770 or 446-9981 ..............................
..........................................................................................................., an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in
the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or with-
in a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

Witness, Suzanne V. DelVecchio , Esquire at Pittsfield, the ...TENTH.............. day
of ...MAY............, in the year of our Lord two thousand ~~nineteen hundred~~ and ...FOUR......

                                                              /s/ Deborah S. Capeless
                                                                              CLERK.

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

Form - CIV. P. - 1 — 8-75 — 2500

# Commonwealth of Massachusetts
## County of Berkshire
## The Superior Court

CIVIL DOCKET# BECV2004-00052-A

RE: **Palma v General Electric Company**

TO: Cynthia Palma
P O Box 8
Pittsfield, MA 01202

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/09/2004 |
| Response to the complaint filed (also see MRCP 12) | 07/08/2004 |
| All motions under MRCP 12, 19, and 20 filed | 07/08/2004 |
| All motions under MRCP 15 filed | 07/08/2004 |
| All discovery requests and depositions completed | 12/05/2004 |
| All motions under MRCP 56 served and heard | 01/04/2005 |
| Final pre-trial conference held and firm trial date set | 02/03/2005 |
| Case disposed | 04/04/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session A sitting in **Superior Court-2nd Floor at Berkshire Superior Court.**

Dated: 02/09/2004

Deborah S. Capeless
Clerk of the Courts

BY: Deborah S. Capeless
Clerk

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487

Disabled Individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

cvdtracf_2.wpd 287410 trkset schillin

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Berkshire | Docket Number 2004-052 |
|---|---|---|
| PLAINTIFF(S) Cynthia Palma | DEFENDANT(S) General Electric Company ~~formerly Plastics World HQ~~ | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE PO Box 8, Pittsfield, MA 01202 Board of Bar Overseers number: 413-499-7770; 446-9981 | ATTORNEY (if known) PRO SE | |

**Place an x in one box only:**   *Origin code and track designation*
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) | | |
|---|---|---|---|
| | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| B20; B22 | Personal Injury - Slip & Fall Employment Discrimination | (F) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which ~~party relies to determine~~ money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)                    MAY 10 2004

A. Documented medical expenses to date:
  1. Total hospital expenses ........................................ BERKSHIRE DIVISION. $........0.--
  2. Total Doctor expenses ........................................ SUPERIOR COURT DEPARTMENT ..4330....
  3. Total chiropractic expenses ............................................................. $........78....
  4. Total physical therapy expenses ....................................................... $.....4908....
  5. Total other expenses (describe) Two (2) MRIs, medications; assistive devices $....3817....
  (Approximate) Subtotal $..13833....
B. Documented lost wages and compensation to date ..... (Approximate) ........ $64500....
C. Documented property damages to date ................................................... $.........0....
D. Reasonably anticipated future medical and hospital expenses ........................ $....5590....
E. Reasonably anticipated lost wages ........................................................ $....6600....
F. Other documented items of damages (describe) $..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $.........0..

The Plaintiff slipped and fell on wet, debris-filled stairs, sustaining multiple injuries including injuries to four vertebrae in her back, two in her neck, a fractured elbow, a sprained wrist & trauma resulting in ~~loss of function in one hand,~~ fibromyalgia and emotional conditions, all for which she currently continues to be treated.

TOTAL: $..90523.--

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL   $.......0.--

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of ~~Attorney~~ of Record  _Cynthia Palma_  DATE: May 10, 2004
         Plaintiff

A.O.S.C. 2003

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                       SUPERIOR COURT DEPARTMENT
                                                     OF THE TRIAL COURT
                                                     Civil Action No. 2004-052

CYNTHIA PALMA,                      )
    Plaintiff                       )
                                    )
    v.                              )                AMENDED COMPLAINT
                                    )
GENERAL ELECTRIC COMPANY,           )
    Defendant                       )

RECEIVED
MAY 10 2004
BERKSHIRE DIVISION
SUPERIOR COURT DEPARTMENT

1.   This amended complaint is submitted to be inclusive of all facts stated in this revision as well as in original complaint filed by Plaintiff in Berkshire Superior Court February 9, 2004.

2.   Complaint is amended to include facts regarding additional medical assessments, services and treatments feasibly projected to be performed since date of original filing; i.e., MRI of February 13, 2004 of cervical spine revealing abnormalities (in addition to March 2003 MRI images of abnormalities to lumbar and sacral regions); recent diagnosis of fibromyalgia, and any further complications that may be present or may arise as result of trauma incurred by work accident sustained due to defendant's negligence at General Electric Plastics World Headquarters Building 51 on February 9, 2001.

3.   Complaint tort claims are amended in revised Civil Action Cover Sheet to include above assessments and future treatments.

4.   Complaint tort claims are amended to reflect tracking order of docket, as original tort was assembled to reflect additional damages and wages projected for three-month period from date of filing only. Revised Civil Action Cover Sheet now includes past, present and future feasible projections of period of two-years from original filing date but are to be modified as needed per future medical treatments and assessments and to reflect timeframe of stages of litigation.

5.   As a result of the defendant's actions, Ms. Palma was wrongfully terminated from her position on March 9, 2001. Inflammatory remarks, discriminatory implications and subsequent actions of her GE Plastics supervisor led to premature termination of her employment contract, which was not due to expire until October 2001.

WHEREFORE, the plaintiff, Cynthia Palma, demands judgment against the defendant, General Electric Company, in an amount sufficient to compensate her for her damages together with interest and costs.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: May 10, 2004

Respectfully submitted,

*/s/ Cynthia Palma*
Cynthia Palma

| CIVIL ACTION COVER SHEET | DOCKET NO. (S) F 2004-052 | | Trial Court of Massachusetts Superior Court Department County: Berkshire |
|---|---|---|---|
| PLAINTIFF(S) Cynthia Palma | | | DEFENDANT(S) General Electric Company Global Headquarters/Plastics |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE PO Box B Pittsfield, MA 01202    413-499-7770 | | | ATTORNEY (If known) to be determined by Plaintiff |

Board of Bar Overseers number:

**Origin code and track designation**

Place an x in one box only:
☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231, s.102C (X)
☐ 4. F04 District Court Appeal c.231, s.97&104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B20, B22 | Personal Injury - Slip and Fall; Employment Discrimination | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ approx. $ 4330.00
2. Total doctor expenses .......................................................... actual $ 78.00
3. Total chiropractic expenses .................................................. actual $ 4908.00
4. Total physical therapy expenses ........................................... approx. $ 3817.10
5. Total other expenses (describe) (two MRIs, prescription medications, OTC medications + supplements; assistive devices) Subtotal $ 13233.50
   ..........................................................................................approx. $ 44500.00

B. Documented lost wages and compensation to date ............................... $ 5590.00
C. Documented property damages to date ................................................. $ 66.00
D. Reasonably anticipated future medical and hospital expenses .............. $
E. Reasonably anticipated lost wages ........................................................ $
F. Other documented items of damages (describe) $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The Plaintiff, Cynthia Palma, slipped and fell down a set of wet, debris-filled stairs, hitting her head, sustaining four injuries to four vertebrae in her back, (possibly her neck), contusions to both shins, fracture to her elbow; spraining her wrist and other trauma further resulting in subsequent compounding physical and emotional conditions for which she currently continues to be treated.

TOTAL $ 102,857.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT
FILED FEB 9 2004
Deborah Capeless

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages of the various methods."

DATE: 02-09-04

Signature of Attorney of Record  N/A

AOTC-6mtc005-11/99
A.O.S.C. 1-2000

MKM:jll

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                    SUPERIOR COURT DEPARTMENT
                                  OF THE TRIAL COURT
                                  Civil Action No. 2004-052

CYNTHIA PALMA, )
    Plaintiff  )
               )
v.             )    COMPLAINT    FILED FEB 9 2004
               )
GENERAL ELECTRIC COMPANY, )
    Defendant  )

1. The plaintiff, Cynthia Palma, at all times relevant hereto is a resident of Pittsfield, Massachusetts.

2. The defendant, General Electric Company, at all times relevant hereto is a corporation with a principal place of business in Pittsfield, Massachusetts.

3. The defendant is the owner or otherwise in control of the premises located at Building 51, One Plastics Avenue, Pittsfield, Massachusetts.

4. On or about February 9, 2001, the defendant, General Electric Company, its agents, servants or employees negligently allowed an accumulation of water and other foreign substance to accumulate on the said premises.

5. On or about February 9, 2001, the plaintiff, Cynthia Palma, while lawfully on said premises which is owned or otherwise under the control of the defendant, General Electric Company, was caused to fall as a result of said negligence by the defendant, General Electric Company, its agents, servants or employees.

6. As a result of the defendant, General Electric Company's negligence, the plaintiff, Cynthia Palma, sustained severe and painful bodily injuries, continues to suffer great pain of body and mind, was caused to incur and continues to incur medical expenses and lost wages.

7. As a result of the defendant's actions, Ms. Palma was wrongfully terminated shortly after her return to her position of modified duty after her medical leave of absence. Discriminatory implications and other actions of her GE supervisor led to premature termination of her contract due to expire until October 2001.

05/25/2004 02:15:17 PM    ElectricInsuranceCo    ElectricInsuranceCo    Page 10
Case 3:04-cv-30110-KPN    Document 1-2    Filed 06/10/2004    Page 8 of 12

05/12/04 WED 11:08 FAX 413 4487166    GEP LITIGATION    ☒003

WHEREFORE, the plaintiff, Cynthia Palma, demands judgment against the defendant, General Electric Company, in an amount sufficient to compensate her for her damages together with interest and costs.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: February 9, 2004

Respectfully submitted,

*Cynthia Palma*
Cynthia Palma

MKM:jll

2

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                    SUPERIOR COURT
                                                  DOCKET NO. 2004-052

CYNTHIA PALMA,

    Plaintiff,

v.

GENERAL ELECTRIC COMPANY a/k/a GE PLASTICS,

    Defendant.

## ANSWER

Now comes the Defendant, General Electric Company ("GE") and answers the allegations in the Plaintiff's Amended Complaint. It appears that the Plaintiff intended the documents entitled "Complaint" and "Amended Complaint" to be read as one document. ecause the Amended Complaint does not, in itself, contain all the relevant allegations made by the plaintiff, GE responds to that allegations contained in the Complaint and the Amended Complaint as follows:

### ALLEGATIONS IN THE COMPLAINT

1. GE is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2. GE denies the allegations made in Paragraph 2 of the Complaint.

3. GE admits the allegations made in Paragraph 3 of the Complaint.

4. GE denies the allegations made in Paragraph 4 of the Complaint.

5.  GE denies the allegations made in Paragraph 5 of the Complaint.

6.  GE denies the allegations made in Paragraph 6 of the Complaint.

7.  GE denies the allegations made in Paragraph 7 of the Complaint and specifically denies that the Plaintiff is entitled to any of the relief that she requests.

## ALLEGATIONS IN THE AMENDED COMPLAINT

1.  GE restates its responses to the allegations made in Paragraphs 1 through 7 of the Complaint.

2.  GE is without knowledge or information sufficient to form a belief regarding the truth of the allegations made in Paragraph 2 of the Amended Complaint concerning the Plaintiff's health and therefore denies them. GE specifically denies the allegations made in Paragraph 2 of the Amended Complaint that the Plaintiff suffered any injury as a result of GE's negligence.

3.  Paragraph 3 of the Amended Complaint describes the Plaintiff's reasons for amending the complaint and thus no response is required. GE specifically denies the implication in Paragraph 3 of the Amended Complaint that the Plaintiff suffered any injury as a result of GE's negligence.

4.  Paragraph 4 of the Amended Complaint describes the Plaintiff's reasons for amending the complaint and thus no response is required. GE specifically denies the implication in Paragraph 4 of the Amended Complaint that the Plaintiff suffered any injury as a result of GE's negligence.

5.  GE denies that allegations made in Paragraph 5 of the Amended Complaint and specifically denies that the Plaintiff is entitled to any of the relief that she requests.

## AFFIRMATIVE DEFENSES

First Affirmative Defense. The Plaintiff has failed to state a claim upon which relief can be granted.

Second Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by her own negligence in causing the injuries of which she complains.

Third Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by the intervening acts of one or more third parties.

Fourth Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

Fifth Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by the Plaintiff's failure to mitigate damages.

Sixth Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by the Plaintiff's failure to timely file a complaint with the Massachusetts Commission Against Discrimination.

Seventh Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, because she has never been an employee of the Defendant and thus has no standing.

WHEREFORE, for the reasons above stated, Defendant General Electric Company respectfully requests:

(a) that all claims against it be dismissed with prejudice; and

3

(b) that it be awarded its costs and fees in defending this action, plus any other relief that the Court deems just and appropriate.

DEFENDANT REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

June 1, 2004                                    RESPECTFULLY SUBMITTED,

                                                GENERAL ELECTRIC COMPANY, Defendant

                                                By _____
                                                Diane M. DeGiacomo, Esq. (BBO# 555930)
                                                Dennis M. LaRochelle, Esq. (BBO# 600924)
                                                CAIN, HIBBARD, MYERS & COOK PC
                                                66 West Street
                                                Pittsfield, Massachusetts 01201
                                                (413) 443-4771

## CERTIFICATE OF SERVICE

I, Dennis M. LaRochelle, Esq., do hereby certify that a copy of the foregoing document has, on this First Day of June, 2004, been served on the plaintiff by forwarding via first-class mail, postage prepaid to:

Cynthia Palma
P.O. Box 8
Pittsfield, Massachusetts 01202

                                                _____
                                                Dennis M. LaRochelle, Esq.

4