Commonwealth of Massachusetts
BERKSHIRE SUPERIOR COURT
Case Summary
Civil Docket

## BECV2004-00052
### Palma v General Electric Company

| | | | | | |
|---|---|---|---|---|---|
| File Date | 02/09/2004 | Status | Active (actv) | | |
| Status Date | 06/02/2004 | Session | A - Civil A - CtRm 1 | | |
| Origin | 1 | Case Type | B20 - Personal Injury-Slip&Fall | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 05/09/2004 | Answer | 07/08/2004 | Rule12/19/20 | 07/08/2004 |
| Rule 15 | 07/08/2004 | Discovery | 12/05/2004 | Rule 56 | 01/04/2005 |
| Final PTC | 02/03/2005 | Disposition | 04/04/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Cynthia Palma
P O Box 8
Pittsfield, MA 01202
Phone: 413-499-7770
Active 02/09/2004 Notify

**Defendant**
General Electric Company
Served: 05/13/2004
Answered 06/02/2004

**Private Counsel 600924**
Dennis M. LaRochelle
Cain Hibbard Myers & Cook
66 West Street
Pittsfield, MA 01201
Phone: 413-443-4771
Fax: 413-443-7694
Active 06/02/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/09/2004 | 1.0 | Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs, filed and ALLOWED-Fees waived in full (IMPOUNDED). Certified copy of determination with forms issued in hand to the plaintiff. |
| 02/09/2004 | 2.0 | Complaint & civil action cover sheet filed |
| 02/09/2004 | | Origin 1, Type B20, Track F. |
| 05/10/2004 | 3.0 | Amended complaint of plaintiff, filed. |
| 05/10/2004 | 4.0 | Civil action cover sheet as to Amended Complaint, filed. |
| 05/12/2004 | 5.0 | Plaintiff's Pro Se MOTION to extend time for service of process for an additional 30 days, filed. |
| 05/13/2004 | 6.0 | SERVICE RETURNED: General Electric Company(Defendant). Service was made on 5/11/04 at 2:15 p.m. to wit, by delivering in hand to Elaine B. Thorne, Legal Adm., for General Electric Co at One Plastics Avnue, c.o.b. GE Plastics Pittsfield, MA 01201, filed. |
| 05/26/2004 | | MOTION (P#5) DENIED without prejudcie - The plaintiff has failed to provide any reasons for her request or to explain why additional time is necessary. (Daniel A. Ford, Justice) Notices mailed May 27, 2004 |
| 06/02/2004 | 7.0 | ANSWER of defendant, General Electric Company with request for jury |

A True Copy Attest: _____ Clerk

Commonwealth of Massachusetts
BERKSHIRE SUPERIOR COURT
Case Summary
Civil Docket

## BECV2004-00052
### Palma v General Electric Company

| Date | Paper | Text |
|---|---|---|
| | 7.0 | trial on all issues, filed. |
| 06/18/2004 | 8.0 | Court received Notice of Removal to United States District Court, filed. Certified copies of documents and docket entries mailed to United States District Court with receipt returnable. |

**EVENTS**



A True Copy Attest: [signature] Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO. (S) 2004-052 | Trial Court of Massachusetts Superior Court Department County: Berkshire |
|---|---|---|
| PLAINTIFF(S) Cynthia Palma | | DEFENDANT(S) General Electric Company Global Headquarters/Plastics |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE PO Box 8 Pittsfield, MA 01202   413-499-2770 Board of Bar Overseers number: | | ATTORNEY (if known) to be determined by Plaintiff |

**Origin code and track designation**

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231, s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s.97&104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B20; B22 | Personal Injury - Slip and Fall; Employment Discrimination | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................... $ -0-
2. Total doctor expenses .................................................................................... approx. $ 4230.00
3. Total chiropractic expenses .............................................................................. actual $ 78.00
4. Total physical therapy expenses ...................................................................... actual $ 4708.50
5. Total other expenses (describe) (Two (2) MRIs, prescription medications, OTC medications + supplements; assistive devices)  approx $ 3817.00
   Subtotal approx $ 12,833.50
B. Documented lost wages and compensation to date.................................................approx... $ 64,500.00
C. Documented property damages to date ...................................................................... $
D. Reasonably anticipated future medical and hospital expenses ......................................... $ 5590.00
E. Reasonably anticipated lost wages ............................................................................... $ 12,600.00
F. Other documented items of damages (describe) $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The Plaintiff, Cynthia Palma, slipped and fell down a set of wet, debris-filled stairs, hitting her head, sustaining injuries to four vertebrae in her back, (possibly her neck), contusions to both shins, fracture to her elbow; spraining her wrist and other trauma further resulting in subsequent compounding physical and emotional conditions for which she currently continues to be treated.

TOTAL $ 102,857.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

F I L E D   FEB 9 2004   F I L E D

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   Deborah Capeless

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

A True Copy
Attest: Deborah Capeless
Clerk

Signature of Attorney of Record  N/A    DATE: 02-09-04

AOTC-6mtc005-11/99
A.O.S.C. 1-2000

MKM:jll

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                    SUPERIOR COURT DEPARTMENT
                                                  OF THE TRIAL COURT
                                                  Civil Action No. 2004-052

CYNTHIA PALMA,                    )
        Plaintiff                 )
                                  )
v.                                )        COMPLAINT    FILED FEB 9 2004
                                  )
GENERAL ELECTRIC COMPANY,         )
        Defendant                 )

1.  The plaintiff, Cynthia Palma, at all times relevant hereto is a resident of Pittsfield, Massachusetts.

2.  The defendant, General Electric Company, at all times relevant hereto is a corporation with a principal place of business in Pittsfield, Massachusetts.

3.  The defendant is the owner or otherwise in control of the premises located at Building 51, One Plastics Avenue, Pittsfield, Massachusetts.

4.  On or about February 9, 2001, the defendant, General Electric Company, its agents, servants or employees negligently allowed an accumulation of water and other foreign substance to accumulate on the said premises.

5.  On or about February 9, 2001, the plaintiff, Cynthia Palma, while lawfully on said premises which is owned or otherwise under the control of the defendant, General Electric Company, was caused to fall as a result of said negligence by the defendant, General Electric Company, its agents, servants or employees.

6.  As a result of the defendant, General Electric Company's negligence, the plaintiff, Cynthia Palma, sustained severe and painful bodily injuries, continues to suffer great pain of body and mind, was caused to incur and continues to incur medical expenses and lost wages.

7.  As a result of the defendant's actions, Ms. Palma was wrongfully terminated shortly after her return to her position of modified duty after her medical leave of absence. Discriminatory implications and subsequent actions of her GE supervisor led to premature termination of her contract with General Electric Company, which was not due to expire until October 2001.

WHEREFORE, the plaintiff, Cynthia Palma, demands judgment against the defendant, General Electric Company, in an amount sufficient to compensate her for her damages together with interest and costs.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: February 2, 2004

Respectfully submitted,

*Cynthia Palma*
Cynthia Palma

MKM:jll

2

Attest: *Deborah Staples*
Clerk

# Commonwealth of Massachusetts
## County of Berkshire
## The Superior Court

CIVIL DOCKET# **BECV2004-00052-A**

RE:  **Palma v General Electric Company**

TO: Cynthia Palma
P O Box 8
Pittsfield, MA 01202

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/09/2004 |
| Response to the complaint filed (also see MRCP 12) | 07/08/2004 |
| All motions under MRCP 12, 19, and 20 filed | 07/08/2004 |
| All motions under MRCP 15 filed | 07/08/2004 |
| All discovery requests and depositions completed | 12/05/2004 |
| All motions under MRCP 56 served and heard | 01/04/2005 |
| Final pre-trial conference held and firm trial date set | 02/03/2005 |
| Case disposed | 04/04/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session A sitting in **Superior Court-2nd Floor at Berkshire Superior Court.**

Dated: 02/09/2004

Deborah S. Capeless
Clerk of the Courts

BY: Deborah S. Capeless
Clerk

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487

A True Copy
Attest: _Deborah S. Capeless_
Clerk

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

cvdtracf_2.wpd 267410 trkset schillin

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Berkshire | Docket Number 2004-052 |
|---|---|---|
| PLAINTIFF(S) Cynthia Palma | DEFENDANT(S) General Electric Company ~~formerly Plastics World H2~~ | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE PO Box 8, Pittsfield, MA 01202 Board of Bar Overseers number: 413-499-7770; 446-9981 | ATTORNEY (if known) PRO SE | |

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B20; B22 | Personal Injury - Slip & Fall Employment Discrimination | (F) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 4330
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 78
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 4908
5. Total other expenses (describe) Two (2) MRIs, medications, assistive devices $ 3817
(Approximate) Subtotal $ 13833
B. Documented lost wages and compensation to date . . . . . . . . (Approximate) . $ 14500
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . $ 5590
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 6500
F. Other documented items of damages (describe) $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The Plaintiff slipped and fell on wet, debris-filled stairs, sustaining multiple injuries including injuries to four vertebrae in her back, two in her neck, a fractured elbow, a sprained wrist & trauma resulting in ~~loss of function in one hand,~~ fibromyalgia and emotional conditions, all for which she currently continues to be treated.

TOTAL: $ 90523

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ 0-

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT  N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of ~~Attorney~~ of Record  Plaintiff  Cynthia Palma   DATE: May 10, 2004

A.O.S.C. 2003

[Stamp: THE COMMONWEALTH OF MASSACHUSETTS BERKSHIRE, S.S. SUPERIOR COURT FILED MAY 10 2004 Deborah Capeless]

A True Copy
Attest: Deborah Capeless
Clerk

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                   SUPERIOR COURT DEPARTMENT
                                                 OF THE TRIAL COURT
                                                 Civil Action No. 2004-052

CYNTHIA PALMA,                    )
    Plaintiff                     )
                                  )
v.                                )     AMENDED COMPLAINT
                                  )
GENERAL ELECTRIC COMPANY,         )
    Defendant                     )

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT
FILED MAY 1 0 2004

1.    This amended complaint is submitted to be inclusive of all facts stated in this revision as well as in original complaint filed by Plaintiff in Berkshire Superior Court February 9, 2004.

2.    Complaint is amended to include facts regarding additional medical assessments, services and treatments feasibly projected to be performed since date of original filing; i.e., MRI of February 13, 2004 of cervical spine revealing abnormalities (in addition to March 2003 MRI images of abnormalities to lumbar and sacral regions); recent diagnosis of fibromyalgia, and any further complications that may be present or may arise as result of trauma incurred by work accident sustained due to defendant's negligence at General Electric Plastics World Headquarters Building 51 on February 9, 2001.

3.    Complaint tort claims are amended in revised Civil Action Cover Sheet to include above assessments and future treatments.

4.    Complaint tort claims are amended to reflect tracking order of docket, as original tort was assembled to reflect additional damages and wages projected for three-month period from date of filing only. Revised Civil Action Cover Sheet now includes past, present and future feasible projections of period of two-years from original filing date but are to be modified as needed per future medical treatments and assessments and to reflect timeframe of stages of litigation.

5.    As a result of the defendant's actions, Ms. Palma was wrongfully terminated from her position on March 9, 2001. Inflammatory remarks, discriminatory implications and subsequent actions of her GE Plastics supervisor led to premature cessation of her employment contract, which was not due to expire until October 2001.

A TRUE COPY
Attest:_____
                    Clerk

WHEREFORE, the plaintiff, Cynthia Palma, demands judgment against the defendant, General Electric Company, in an amount sufficient to compensate her for her damages together with interest and costs.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: May 10, 2004

Respectfully submitted,

_____
Cynthia Palma

A True Copy
Attest: _____ Deborah Stapeless
                              Clerk

# Commonwealth of Massachusetts
## County of Berkshire
## The Superior Court

CIVIL DOCKET# **BECV2004-00052-A**

RE: **Palma v General Electric Company**

TO: Cynthia Palma
 P O Box 8
 Pittsfield, MA 01202

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/09/2004 |
| Response to the complaint filed (also see MRCP 12) | 07/08/2004 |
| All motions under MRCP 12, 19, and 20 filed | 07/08/2004 |
| All motions under MRCP 15 filed | 07/08/2004 |
| All discovery requests and depositions completed | 12/05/2004 |
| All motions under MRCP 56 served and heard | 01/04/2005 |
| Final pre-trial conference held and firm trial date set | 02/03/2005 |
| Case disposed | 04/04/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session A sitting in **Superior Court-2nd Floor at Berkshire Superior Court.**

Dated: 02/09/2004

Deborah S. Capeless
Clerk of the Courts

BY: Deborah S. Capeless
Clerk

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

A True Copy
Attest: _____
Clerk

cvdtracf_2.wpd 267410 trkset schillin

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                              SUPERIOR COURT DEPARTMENT
                                            OF THE TRIAL COURT
                                            Civil Action No. 2004-052

CYNTHIA PALMA,                    )
     Plaintiff,                   )
                                  )
     v.                           )         MOTION TO AMEND TRACKING ORDER
                                  )
GENERAL ELECTRIC COMPANY,         )
     Defendant                    )

Plaintiff respectfully requests the Honorable Court to amend tracking order in this matter as applicable to allow time to complete service of process made on defendant and return to be filed with the court for an additional 30 days. (cws)

Dated: May 12, 2004

*Denied without prejudice — The plaintiff has failed to provide any reasons for her request or to explain why additional time is necessary.*

*[Judge signature] 5/26/04*

Respectfully submitted,

_____
Cynthia Palma

A True Copy
Attest: _____ Clerk

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

FILED MAY 12 2004 FILED

# Commonwealth of Massachusetts
## County of Berkshire
## The Superior Court



Civil Docket BECV2004-00052

RE: Palma v General Electric Company

TO: Cynthia Palma
P O Box 8
Pittsfield, MA 01202

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **05/26/2004**:

*RE: Plaintiff's Pro Se MOTION to extend time for service of process for an additional 30 days, filed.*

**is as follows:**

**MOTION (P#5) DENIED without prejudice - The plaintiff has failed to provide any reasons for her request or to explain why additional time is necessary. (Daniel A. Ford, Justice) Notices mailed May 27, 2004**

Dated at Pittsfield, Massachusetts this 27th day of May, 2004.

Deborah S. Capeless,
Clerk of the Courts

Telephone: (413) 499-7487

Copies mailed 05/27/2004

A True Copy
Attest: _Deborah Capeless_
Clerk

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-052

................ CYNTHIA PALMA, Pro Se ................, Plaintiff(s)

v.

........ General Electric Company aka GE Plastics ........, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ... CYNTHIA PALMA, PO BOX 8, PITTSFIELD, MA, 01202 .....

~~plaintiff's attorney, whose address is~~ (413) 499-7770 or 446-9981

..........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Pittsfield, the ....TENTH.... day of ....MAY...., in the year of our Lord two thousand ~~nine hundred~~ and ....FOUR....

........................... CLERK.

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) — TORT — (2) — MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

A True Copy
Attest: ........................... Clerk

Form - CIV. P. - 1 - 6-78 - 2500

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                    SUPERIOR COURT
                                                  DOCKET NO. 2004-052

CYNTHIA PALMA,

    Plaintiff,

v.

GENERAL ELECTRIC COMPANY a/k/a GE
PLASTICS,

    Defendant.

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

FILED JUN - 2 2004

## ANSWER

Now comes the Defendant, General Electric Company ("GE") and answers the allegations in the Plaintiff's Amended Complaint. It appears that the Plaintiff intended the documents entitled "Complaint" and "Amended Complaint" to be read as one document. ecause the Amended Complaint does not, in itself, contain all the relevant allegations made by the plaintiff, GE responds to that allegations contained in the Complaint and the Amended Complaint as follows:

### ALLEGATIONS IN THE COMPLAINT

1.   GE is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.   GE denies the allegations made in Paragraph 2 of the Complaint.

3.   GE admits the allegations made in Paragraph 3 of the Complaint.

4.   GE denies the allegations made in Paragraph 4 of the Complaint.

A True Copy
Attest: _____ Clerk

5. GE denies the allegations made in Paragraph 5 of the Complaint.

6. GE denies the allegations made in Paragraph 6 of the Complaint.

7. GE denies the allegations made in Paragraph 7 of the Complaint and specifically denies that the Plaintiff is entitled to any of the relief that she requests.

## ALLEGATIONS IN THE AMENDED COMPLAINT

1. GE restates its responses to the allegations made in Paragraphs 1 through 7 of the Complaint.

2. GE is without knowledge or information sufficient to form a belief regarding the truth of the allegations made in Paragraph 2 of the Amended Complaint concerning the Plaintiff's health and therefore denies them. GE specifically denies the allegations made in Paragraph 2 of the Amended Complaint that the Plaintiff suffered any injury as a result of GE's negligence.

3. Paragraph 3 of the Amended Complaint describes the Plaintiff's reasons for amending the complaint and thus no response is required. GE specifically denies the implication in Paragraph 3 of the Amended Complaint that the Plaintiff suffered any injury as a result of GE's negligence.

4. Paragraph 4 of the Amended Complaint describes the Plaintiff's reasons for amending the complaint and thus no response is required. GE specifically denies the implication in Paragraph 4 of the Amended Complaint that the Plaintiff suffered any injury as a result of GE's negligence.

5. GE denies that allegations made in Paragraph 5 of the Amended Complaint and specifically denies that the Plaintiff is entitled to any of the relief that she requests.

A True Copy
Attest: [signature]
Clerk

2

## AFFIRMATIVE DEFENSES

First Affirmative Defense. The Plaintiff has failed to state a claim upon which relief can be granted.

Second Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by her own negligence in causing the injuries of which she complains.

Third Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by the intervening acts of one or more third parties.

Fourth Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

Fifth Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by the Plaintiff's failure to mitigate damages.

Sixth Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, by the Plaintiff's failure to timely file a complaint with the Massachusetts Commission Against Discrimination.

Seventh Affirmative Defense. The Plaintiff's claims are barred, in whole or in part, because she has never been an employee of the Defendant and thus has no standing.

WHEREFORE, for the reasons above stated, Defendant General Electric Company respectfully requests:

(a) that all claims against it be dismissed with prejudice; and

A True Copy
Attest: Deborah Staples
Clerk

3

(b) that it be awarded its costs and fees in defending this action, plus any other relief that the Court deems just and appropriate.

DEFENDANT REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

June 1, 2004

RESPECTFULLY SUBMITTED,

GENERAL ELECTRIC COMPANY, Defendant

By _____
Diane M. DeGiacomo, Esq. (BBO# 555930)
Dennis M. LaRochelle, Esq. (BBO# 600924)
CAIN, HIBBARD, MYERS & COOK PC
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771

### CERTIFICATE OF SERVICE

I, Dennis M. LaRochelle, Esq., do hereby certify that a copy of the foregoing document has, on this First Day of June, 2004, been served on the plaintiff by forwarding via first-class mail, postage prepaid to:

Cynthia Palma
P.O. Box 8
Pittsfield, Massachusetts 01202

_____
Dennis M. LaRochelle, Esq.

A True Copy
Attest: _____
Clerk

4

# Cain Hibbard Myers & Cook PC

Counselors at Law

66 West Street, Pittsfield, Massachusetts 01201-5764, 413-443-4771   Fax 413-443-7694
Direct Dial: 629-1346   email: dlarochelle@cainhibbard.com

**Dennis M. LaRochelle**

June 1, 2004

Deborah S. Capeless, Clerk
Berkshire Superior Court
76 East Street
Pittsfield, MA 01201

Re: *Palma v. General Electric Company (Berkshire Super. Ct. No. 2004-052)*

Dear Ms. Capeless:

Enclosed, for filing in the above-referenced matter, is the Defendant's Answer.

If you have any questions concerning this filing, please do not hesitate to contact me.

Sincerely,

Dennis M. LaRochelle

Enclosure

cc: Cynthia Palma

A True Copy
Attest: _____ Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYNTHIA PALMA,

    Plaintiff,

v.

GENERAL ELECTRIC COMPANY
a/k/a GE PLASTICS,

    Defendant.

04-30110-MAP
Civil Action No.

FILING FEE PAID:
RECEIPT # 30564 5
AMOUNT $ 150.5?
BY DPTY CLK MGL
DATE 6/10/04

## NOTICE OF REMOVAL

Now comes the defendant, General Electric Company, and removes this action to the United States District Court for the District of Massachusetts on the basis of the facts stated herein and pursuant to 28 U.S.C. §§ 1441 and 1446.

This action was commenced on or about February 9, 2004 by the Plaintiff, Cynthia Palma in the Superior Court for Berkshire County, Massachusetts. The Plaintiff subsequently amended her complaint as of right pursuant to Mass. R. Civ. P. 15 on or about May 10, 2004. The first process served in this action was the Summons and the Amended Complaint, which were served by hand on May 11, 2004.

The Plaintiff, according to her complaint, is a resident of the Commonwealth of Massachusetts. The Defendant is a business corporation, duly incorporated under the laws of the State of New York and maintains its principal place of business in the State of Connecticut.



THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT
FILED JUN 18 2004 FILED

(1)

# Cain Hibbard Myers & Cook PC
Counselors at Law

66 West Street, Pittsfield, Massachusetts 01201-5764, 413-443-4771  Fax 413-443-7694
Direct Dial: 629-1346    email: dlarochelle@cainhibbard.com

Dennis M. LaRochelle

June 16, 2004

Deborah S. Capeless, Clerk
Berkshire Superior Court
76 East Street
Pittsfield, MA 01201

Re:  *Palma v. General Electric Company (Berkshire Super. Ct. No. 2004-052)*

Dear Ms. Capeless:

Please be advised that the referenced action has been removed to federal court. A copy of the first page of the Notice of Removal, as filed, is enclosed. Please forward to me certified copies of all documents filed in this action and a certified copy of the docket sheet so that they may be filed with the United States District Court for the District of Massachusetts within the thirty-day period specified by Local Rule 81.1 of that Court.

Thank you for your cooperation in this matter.

Sincerely,

Dennis M. LaRochelle

cc: Cynthia Palma

A True Copy
Attest: Deborah S. Capeless
Clerk